UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO TORRES and TAWNI VANDAGRIFF, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REXEL USA, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  1:20-cv-01697-ADA-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDERS<br><br>(Docs. 39, 41)<br><br>**FOURTEEN-DAY DEADLINE** |

**Findings and Recommendations**

**I.   Background**

Plaintiffs Gerardo Torres and Tawni Vandagriff, individually and on behalf of a putative class, filed the instant wage-and-hour action in the Superior Court for the County of Stanislaus on October 29, 2020. (Docs. 1 and 1-2.) Defendant Rexel USA, Inc., removed the matter to this Court on December 2, 2020. (*Id.*) Plaintiffs filed a first amended complaint on April 12, 2021, (Doc. 12), and Defendant Rexel USA, Inc. answered on May 19, 2021, (Doc. 15).

The parties participated in private mediation on October 13, 2021, which was not successful. (Doc. 19.) Following mediation, however, the parties continued to engage in informal discovery and efforts to resolve the action. (*See*, *e.g.*, Docs. 29, 23.)

On July 6, 2022, the parties filed a Joint Status Report informing the Court that they had participated in a second private mediation on June 24, 2022, and they had reached a settlement in principle of all claims in this matter on a class action basis. (Doc. 38.) The parties also indicated that pursuant to the terms of their agreement, they would stipulate to remand this matter back to the Superior Court for the County of Stanislaus for approval of the class action settlement. (*Id*.)

Based on the parties' report, on July 7, 2022, the Court ordered the parties to file appropriate papers to conclude this action in its entirety no later than July 28, 2022. The Court vacated all pending dates and cautioned the parties that failure to comply with the Court's order could result in the imposition of sanctions. (Doc. 39.) The parties did not respond to the Court's directive by July 28, 2022.

Accordingly, on September 30, 2022, after approximately two months without a response from the parties, including any proposed stipulation to remand the matter, the Court issued an order directing the parties to show cause within seven (7) days why sanctions should not be imposed for failing to file appropriate documents to conclude this action. (Doc. 41.) The parties were informed that that they could comply with the order by filing either (1) a status report outlining the status of the settlement and explaining why the appropriate documents have not been filed, or (2) appropriate papers to dismiss or conclude this action. The parties were advised that failure to respond to the Court's order may result in dismissal of this action. (*Id.*) More than seven (7) days have passed since the Court's order, and the parties have not responded or otherwise communicated with the Court. The Court will therefore recommend dismissal of this action based on the parties' failure to comply with court orders.

**II.    Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**III.   Discussion**

The parties have failed to comply with the Court's orders, including the order to show cause why sanctions should not be imposed. Their silence is perplexing given the parties' stated intention to stipulate to remand and to seek approval of the class action settlement in state court. The Court cannot efficiently and effectively manage its docket if the parties cease all communication with the Court, fail to respond to orders and otherwise appear to have abandoned the proceedings. The Court therefore finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). In this case, this factor is neutral given that defendant also has failed to respond to the Court's orders or to otherwise communicate the status of this action to the Court.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006)

(citation omitted).

Finally, the Court's warning that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The parties have had repeated warnings that the failure to comply with the Court's orders could result in sanctions or dismissal of this action. Indeed, the Court's show cause order issued on September 30, 2022, expressly advised that the failure to respond to the order to show cause "may result in dismissal of this action." (Doc. 41.) Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. The parties have ignored or otherwise disregarded the Court's orders, suggesting that monetary sanctions would be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that the parties have ceased prosecuting the matter in federal court.

### IV.   Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed. These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2022**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE